UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL D. GOINS, | ) | Civil Action No.: 4:13-cv-1269-RMG-TER |
| Plaintiff, | ) | |
| -vs- | ) | **ORDER** |
| LT. HORNE, CPL. JAMES BYRD, OFC. SEWELL, and OFC. LINDSEY, each in his individual and official capacities; | ) | |
| Defendants. | ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Generally, Plaintiff challenges the use of "strip searches" at Perry Correctional Institution. Several motions are pending. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. The undersigned will address each motion in turn.

    A.    Plaintiff's Motion to Compel (Document # 40)

In this Motion, Plaintiff seeks an order compelling Defendants to fully respond to his discovery requests. Plaintiff seeks to compel Defendants to provide certain SCDC Policies/Procedures and one restricted SCDC manual as requested in Request for Production 4. Plaintiff argues that the law library allows him only three policies at a time and that he can keep them for only twenty-four hours. Defendants object to production of these documents, arguing that they should not have to provide copies when copies of non-restricted policies are available at the institution law library. However, Defendant has not argued that production of the non-restricted policies is inconvenient, burdensome or expensive. Thus, Plaintiff's Motion to Compel is granted

with respect to the specific, non-restricted policies sought in Request for Production 4.

With respect to any restricted policies[1] specifically sought by Plaintiff as well as any restricted Special Management Unit (SMU) manual, Defendants argue that certain policies and manuals are restricted, and Plaintiff's knowledge of the particulars of those policies would pose a threat to the security at the institution. A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. While the court recognizes that the burden to security that would be caused by disclosure of many of these restricted policies and manuals could be great, certain portions may be particularly relevant to Plaintiff's allegations. In his Complaint, Plaintiff alleges that in October of 2012, while housed in SMU, he was "strip searched" and required to "tak[e] off my SMU Jumpsuit, socks, shoes & boxers, [and] hand[] them to Cpl. Byrd to search. Byrd then asked me to lift my testicles, open my mouth, lift my tongue, hold my hands up and twist my hands around, turn around squat, cough, then bend over at the waist and spread by buttocks apart."[2] Complaint p. 4. Plaintiff alleges that this procedure is "not SCDC policy/procedures." Id. Thus, to the extent any of the restricted policies and/or manuals specifically sought by Plaintiff in Request for Production 4 describe the procedure used for strip searches reflecting the conduct described in Plaintiff's Complaint as set forth above, such information is relevant and subject to disclosure. Therefore, Plaintiff's motion is also granted with respect to the portions of the restricted policies and/or manuals specifically sought by Plaintiff in Request for Production 4 that describe the procedure used for strip searches reflecting the conduct described in Plaintiff's Complaint as set forth above. Defendants may redact all information within those

---

[1] Defendants do not identify which of the requested policies and/or manuals are restricted and which are non-restricted.

[2] Plaintiff also complains of similar conduct several years prior to 2012.

documents that does address the specific strip search procedure about which Plaintiff complains.

The remainder of Plaintiff's Motion to Compel requests production of grievances filed by other prisoners against these Defendants for the same inappropriate conduct, copies of any and all memoranda from any superior at Perry Correctional Institution (PCI) regarding SMU shower strip search procedure, each of the Defendants' employment disciplinary files, printed copy of all inmates who lived in certain dorms at certain times, and a printed copy of the Inmate Grievance Coordinators' (IGC) investigative reports of all the grievances Plaintiff has written on all Defendants. Defendants represent that there are no IGC investigative reports or lists of inmates' dorm assignments in the form requested by Plaintiff and the rules to do not require them to prepare such documents. The remaining requests are not limited by time, scope or relevancy and, thus, are overly broad and unduly burdensome. As such, Plaintiff's Motion to Compel is denied with respect to these requests.

In sum, Plaintiff's Motion to Compel is granted with respect to the specific policies and manuals sought in Request for Production 4 as specifically set forth above and is denied as to all other requests.

B.      Plaintiff's Motion to Compel (Document # 47)

Here, Plaintiff asks the court to compel Defendants Horne and Byrd to produce any incident reports relating to any disciplinary action against him. In his second set of Interrogatories, Plaintiff asked "[t]o your knowledge of dealing with the Plaintiff since 2012 on SMU have you ever seen or heard of Plaintiff concealing a weapon or contraband in his body cavity? If so, when?" Both Defendants answered "Yes. I do not recall the exact date." As a result, Plaintiff asks the court to order Defendants to produce the incident reports to support their answer. However, it does not appear that Plaintiff has served Defendants with a Request for Production for these documents and,

thus, the Motion is not properly before the court. Therefore, Plaintiff's motion is improper and is denied.

        C.      Plaintiff's Motion to Strike and Request for Sanctions (Document # 49)

With respect to Defendants Horne's and Byrd's discovery response discussed above, Plaintiff seeks an order striking the response and asks that Defendants and their attorney be sanctioned for providing such a "blatant, bold-faced lie." Plaintiff relies on Rule 12(f)(2), Fed.R.Civ.P., in support of his motion. This rule allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants' response to a discovery request is not a pleading and, thus, Rule 12(f)(2) is inapplicable here. Plaintiff provides no other legal basis for the relief sought and, thus, his motion is improper and is denied.

        D.      Plaintiff's Motion for More Definite Statement (Document # 50)

Again, with respect to Defendants Horne's and Byrd's discovery response discussed above, Plaintiff poses several questions and asks the court to order these Defendants to answer them. It does not appear that Plaintiff has served these Interrogatories on Defendants, and, thus, the issue is not properly before the court. Accordingly, Plaintiff's Motion for More Definite Statement is denied.

        E.      Plaintiff's Motion for Extension of Time (Document # 68)

Plaintiff moves for an extension ninety days to respond to Defendants' Motion for Summary Judgment. Plaintiff asserts that he cannot adequately respond to the Motion until he receives the discovery sought in his Motions to Compel. This request is granted in part. Plaintiff's response to the Motion for Summary Judgment is due within thirty days of the date of this Order.

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 40) is **GRANTED** in part and **DENIED** in part as discussed above, Plaintiff's Motion to Compel (Document # 47) is **DENIED**, Plaintiff's Motion to Strike and Request for Sanctions (Document #

49) is **DENIED**, Plaintiff's Motion for More Definite Statement (Document # 50) is **DENIED**, and Plaintiff's Motion for Extension of Time (Document # 68) is **GRANTED** in part. **Defendants must produce the documents discussed above with respect to Plaintiff's Motion to Compel (Document # 40) no later than March 28, 2014. Plaintiff's response to Defendants' Motion for Summary Judgment is due no later than April 14, 2014.**[3]

    IT IS SO ORDERED.

                                         s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

March 13, 2014
Florence, South Carolina

---

[3] Other motions are pending and will be addressed by separate Report and Recommendation.