UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL D. GOINS, | ) | Civil Action No.: 4:13-cv-1269-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| LT. HORNE, CPL. JAMES BYRD, OFC. | ) | |
| SEWELL, and OFC. LINDSEY, each in | ) | |
| his individual and official capacities; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Generally, Plaintiff challenges the use of "strip searches" at Perry Correctional Institution. Presently before the court is Defendants' Motion for Relief from Order (Document # 76). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.    PROCEDURAL HISTORY

On March 13, 2014, the undersigned entered an Order (Document # 69) addressing several motions, including Plaintiff's Motion to Compel (Document # 40). In his Motion to Compel, Plaintiff sought an order compelling Defendants to produce, among other things, documents responsive to his Request for Production 4, which included requests for copies of several SCDC policies as well as "The Special Management Unit Manual/procedural manual." Defendants objected to production of these documents, asserting that Plaintiff could obtain copies of non-

-1-

restricted policies in the institution law library and that production of any restricted policies would

created security issues.

In the Order granting Plaintiff's Motion to Compel with respect to his Request for Production

4, the undersigned noted

> While the court recognizes that the burden to security that would be caused by
> disclosure of many of these restricted policies and manuals could be great, certain
> portions may be particularly relevant to Plaintiff's allegations.  In his Complaint,
> Plaintiff alleges that in October of 2012, while housed in SMU, he was "strip
> searched" and required to "tak[e] off my SMU Jumpsuit, socks, shoes & boxers,
> [and] hand[] them to Cpl. Byrd to search.  Byrd then asked me to lift my testicles,
> open my mouth, lift my tongue, hold my hands up and twist my hands around, turn
> around squat, cough, then bend over at the waist and spread by buttocks apart."[1]
> Complaint p. 4.   Plaintiff alleges that this procedure is "not SCDC
> policy/procedures."  Id.  Thus, to the extent any of the restricted policies and/or
> manuals specifically sought by Plaintiff in Request for Production 4 describe the
> procedure used for strip searches reflecting the conduct described in Plaintiff's
> Complaint as set forth above, such information is relevant and subject to disclosure.
> Therefore, Plaintiff's motion is also granted with respect to the portions of the
> restricted policies and/or manuals specifically sought by Plaintiff in Request for
> Production 4 that describe the procedure used for strip searches reflecting the conduct
> described in Plaintiff's Complaint as set forth above.  Defendants may redact all
> information within those documents that does address the specific strip search
> procedure about which Plaintiff complains.

Order p. 2.

In their present Motion for Relief from Order, Defendants assert that all of the documents

requested in Request for Production 4 have been produced except for The Special Management Unit

(SMU) Procedural Manual, and ask the court to amend the March 13, 2014, Order directing them

to produce this Manual.  The undersigned entered an Order (Document # 91) directing Defendants

to produce for in camera review only that portion of the SMU Procedural Manual that addresses the

procedure for strip searches, in particular the portion  requiring Plaintiff to "tak[e] off my SMU

_____

[1]Plaintiff also complains of similar conduct several years prior to 2012.

Jumpsuit, socks, shoes & boxers, [and] hand[] them to Cpl. Byrd to search . . . [and] lift my testicles, open my mouth, lift my tongue, hold my hands up and twist my hands around, turn around squat, cough, then bend over at the waist and spread my buttocks apart."  Complaint p. 4.  The Order further directed Defendants to indicate the portions of the document presented for in camera review that they believe should be redacted if the court orders the document produced to Plaintiff. Defendants submitted a two-page document entitled "Strip Search Procedures."  Defendants did not indicate that any portions of the document should be redacted if disclosed to Plaintiff.

## III.    STANDARD OF REVIEW

Defendants bring their Motion pursuant to Rule 60, Fed.R.Civ.P.  Orders are susceptible to reconsideration under Rules 60(b) and 59(e) only if they constitute "final judgments." See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir.1991) ("Rule 60(b) [is] not available for relief from an interlocutory order. Rule 59(e) is equally applicable only to a final judgment").  Interlocutory orders may be contested under Rule 54(b). See Quigley v. United States, 865 F.Supp.2d 685, 699 (D.Md.2012) (quoting Fed.R.Civ.P. 54) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ... and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

An order compelling discovery is an interlocutory order.  See, e.g., United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 507 (4th Cir.1999).  A court's discretion to review an interlocutory order is "not subject to the strict standards applicable to motions for reconsideration of a final judgment," Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir.2003), but is "within the plenary power of the Court ... to afford such relief ... as justice

requires." <u>Fayetteville Investors</u>, 936 F.2d at 1473. Although Rule 60 does not govern reconsideration of an interlocutory order, the Fourth Circuit has suggested that at least parts of the rule may guide a court's analysis. <u>Id.</u> at 1470, 1472; <u>Pritchard v. Wal–Mart Stores, Inc.</u>, 3 F. App'x 52, 53 (4th Cir.2001). In considering whether to revise interlocutory decisions, district courts in this circuit have looked to whether movants presented new evidence, or whether the court has "obviously misapprehended a party's position or the facts or applicable law." <u>United States v. Duke Energy Corp.</u>, 218 F.R.D. 468, 474 (M.D.N.C.2003). However, "[a]n improper use of the motion to reconsider 'can waste judicial resources and obstruct the efficient administration of justice.' Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." <u>Id.</u> (internal citations omitted).

## IV.    DISCUSSION

Defendants offer four reasons for relieving them from producing the SMU Procedural Manual: (1) it has not been approved or adopted as part of SCDC policy or a supporting document, (2) the production of restricted policies or documents would jeopardize the security of the institution, (3) Plaintiff has been provided with the information requested through affidavits, and (4) violation of a policy that does not state a constitutional violation is not actionable. Each of these arguments could have been, and some were, raised in the first instance. Although Defendants have produced additional evidence to support these arguments, there is no indication that this evidence was not available at the time Defendants filed their Response to the Motion to Compel.

Furthermore, the arguments raised by Defendants are insufficient to warrant revision of the previous order. Regardless of whether the SMU Procedural Manual has been adopted as part of SCDC policy, to the extent it provides guidance to the correctional officers at Perry Correctional

Institution on how to conduct a strip search, it is relevant to the present action. In addition, in the March 13, 2014, Order, the undersigned recognized that releasing certain information to inmates could jeopardize the security of the institution, and, thus, directed Defendants to produce only the portions of the SMU Procedural Manual that describe the procedure used for strip searches. Defendants do not argue that the description of the procedure used for strip searches itself would create a security risk. Rather, they argue generally that no inmate should ever be allowed access to restricted policies or documents as such access would place the safety and welfare of every employee within SCDC in jeopardy. However, each Defendant presents an affidavit in which he describes in detail the strip search procedure used in SMU. See Horne Aff. ¶¶ 4-7; Byrd Aff. ¶¶ 3-6; Sewell Aff. ¶¶ 3-4; Lindsey Aff. ¶¶ 2-4. As stated above, Defendants did not identify any portions of the document they submitted for in camera review that they felt necessitated redaction. Defendants fail to show how producing this portion of the SMU Procedural Manual reveals any more information, thereby creating any additional security risk, than what has already been revealed through the above-cited affidavits. Finally, although Defendants argue that similar types of searches have been found to be within constitutional bounds, the undersigned declines to reach the merits of this action in this motion. Accordingly, based on the specific allegations, facts and circumstances present in this case, production of the portion of the SMU Procedural Manual submitted by Defendants for in camera review is proper.

## V.    CONCLUSION

For the reasons discussed above, Defendants' Motion for Relief from Order (Document # 76) is **DENIED**. Defendants are directed to produce to Plaintiff, **no later than July 8, 2014**, the portion of the SMU Procedural Manual submitted to the court for in camera review pursuant to the

-5-

court's previous order.  Plaintiff's Motions for Extension of Time (Documents  # 86, 94, 99) are

**GRANTED** and Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment is

extended to **July 21, 2014**.

        **IT IS SO ORDERED**.

                                         s/Thomas E. Rogers, III

                                        Thomas E. Rogers, III

                                        United States Magistrate Judge

July 2, 2014
Florence, South Carolina