IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| Michael D. Goins,<br><br>    Plaintiff,<br><br>vs.<br><br>Lt. Horne; Cpl. Byrd; Ofc Sewell; and Ofc Lindsey, *each in his individual and official capacities,*<br><br>    Defendants. | No. 4:13-cv-01269-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 115), recommending that Defendants' Motion for Summary Judgment (Dkt. No. 63) be granted, Plaintiff's Motion for Preliminary Injunction (Dkt. No. 28) be denied, and Plaintiff's Motion for Relief (Dkt. No. 48) be denied. For the reasons stated below, the Court adopts the R & R in part, grants Defendants' Motion for Summary Judgment and denies Plaintiff's motions.

## I. Background

Plaintiff alleges that while housed in the Special Management Unit (SMU), on October 3, 2012, he was "strip searched" and was required to "tak[e] off my SMU Jumpsuit, socks, shoes & boxers hand them to Cpl. Byrd to search . . . lift my testicles, open my mouth, lift my tongue up, hold my hands up and twist my hands around, turn around squat, cough then bend over at the waist and spread my buttocks apart." (Dkt. No. 1 at 4). Defendants do not dispute that they use

1

this strip search method for SMU inmates.[1] (Dkt. Nos. 63-7, 63-8, 63-9, and 63-10). Plaintiff alleges that this search method violates his Fourth, Eighth and Fourteenth Amendment rights and also asserts state law claims for gross negligence and negligent supervision. (Dkt. No. 1 at 6-8).

The Magistrate Judge recommended (1) granting Defendants' Motion for Summary Judgment as to Plaintiff's federal claims because Plaintiff failed to exhaust his administrative remedies and because the claims fail on the merits, (2) declining jurisdiction over Plaintiff's state law claims, (3) denying Plaintiff's Motion for Preliminary Injunction because Plaintiff did not show he was likely to succeed on the merits, and (4) denying Plaintiff's Motion for Relief because the relief requested in the motion is not in Plaintiff's Complaint. (Dkt. No. 115). Plaintiff filed timely objections. (Dkt. No. 121).

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

---

[1] Plaintiff asserts that the search method described by Defendants is not the method that he describes, stating that he was required to bend at the waist and spread his buttocks rather than squat and spread his buttocks. (Dkt. No. 121 at 2). To the extent that the methods differ, the Court assumes the method used is that alleged by Plaintiff.

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### III. Discussion

**A. Defendants' Motion for Summary Judgment**

<u>1. Federal Claims Against Defendants Sewell and Lindsey</u>

The only allegations against Defendants Sewell and Lindsey concern events that took place in 2009. The Magistrate Judge found that the statute of limitations barred claims for conduct that took place in 2009. (Dkt. No. 115 at 2 n.1). Plaintiff has not objected to this finding, and the Court agrees. The Complaint in this action was filed on May 10, 2013, more than three years after the events that took place in 2009. (*See* Dkt. No. 1). Therefore, the statute of limitations bars these claims, and summary judgment is appropriate.

<u>2. Federal Claims Related to Events of October 3, 2011 - Exhaustion</u>

The Magistrate Judge found that Plaintiff did not exhaust his administrative remedies with regard to his claims based on the events of October 3, 2011, because he did not appeal the response he received at Step 1 (i.e., file a Step 2 Grievance). (Dkt. No. 115 at 6). Plaintiff

3

contends that because the response he received at Step 1 was untimely, he is deemed to have exhausted his administrative remedies even if he did not appeal.[2] (Dkt. No. 121 at 4).

Plaintiff is correct that "[w]hen a prisoner files a grievance and has not received a timely determination, the grievance may be considered exhausted under the PLRA." *Williams v. Loyd*, No. 2:09-2289, 2010 WL 3609790 at *4 (D.S.C. Apr. 28, 2010). To hold otherwise would allow prison officials to "exploit the exhaustion requirement through indefinite delay in responding to grievances." *Id.* (quoting *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir.2002)). Here, Plaintiff filed his grievance on October 8, 2012, (Dkt. No. 63-3 at 1), and received the Warden's response on March 19, 2013. (Dkt. No. 63-4 at 2).

According to SCDC Policy, a grievance must be entered into the automated system with in ten (10) working days, the Warden then has forty (40) days to respond, and the grievance coordinator has five (5) working days to provide the Step 1 response to the inmate.[3] Sweat v. Reynolds, No. 9:11-1706, 2013 WL 593660 at *4 (D.S.C. Feb. 15, 2013). Clearly, Plaintiff did not receive a timely response to his grievance. Thus, his administrative remedies are exhausted. *See Boyd v. Con. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir.2004) ("[A]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."), *cert. denied*, 544 U.S. 920 (2005).

---

[2] Plaintiff did not file a response to Defendants' motion for summary judgment, but raised this argument in his objections to the R & R.

[3] The cases cited by Defendants in briefing provide a slightly shorter time line for the institution's response. *See Harden v. S.C. Dep't of Corr.*, No. 8:07-0009, 2007 WL 675632 at *3 (D.S.C. Feb. 28, 2007); *Beatty v. West*, No. 4:06-2835 2007 WL 1485860 at *2 (D.S.C. May 17, 2007). However, *Sweat* states the policy as revised on October 1, 2010. *See Sweat*, 2013 WL 593660 at * 4.

### 3. Fourth Amendment Claim

The Court agrees, however, the Plaintiff's claims fail on the merits. As to Plaintiff's Fourth Amendment claim, the Supreme Court has held that "a right of privacy in traditional Fourth Amendment terms is denied individuals who are incarcerated . . . because it is necessary, as a practical matter, to accommodate a myriad of institutional needs and objectives of prison facilities, chief among which is internal security." *Samson v. California*, 547 U.S. 843, 862 (2006) (internal quotations and citations omitted). Supreme Court precedent establishes that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1517 (2012). "The task of determining whether a policy is reasonably related to legitimate security interests is peculiarly within the province and professional expertise of corrections officials." *Id.* (internal quotations omitted). Thus, "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters." *Id.*

Petitioner has not met this standard. The Supreme Court has held that detainees held on even minor offenses can be subject to searches like those at issue here, where a detainee must "lift their genitals or cough in a squatting position." *Id.* at 1520. The SMU is comprised of inmates "who are there for disciplinary violations and for investigations." (Dkt. No. 63-10 at 1). These inmates "pose a greater threat to security." (*Id.*). "Inmates in SMU have demonstrated the ability to get out of locked handcuffs and construct keys for the restraints." (*Id.*). Due to the greater security risk, SMU inmates are strip searched upon leaving or entering their cell. (*Id.*).

5

Plaintiff has simply not provided any evidence that officials have exaggerated their response to security considerations in SMU, and his Fourth Amendment claim must fail.

### 4. Eighth Amendment Claim

With regard to Plaintiff's Eighth Amendment claim, the Court agrees that searches like those at issue here do not constitute cruel and unusual punishment absent any punitive intent. *See, e.g., Snider v. Hughes*, 59 F.3d 167 (Table), 1995 WL 378519 at *1 (4th Cir. June 27, 1995) ("Body cavity searches of inmates are often necessary and are not violative of the Fourth or Eighth Amendments if reasonable and not motivated by a punitive intent."); *accord Nelson v. S.C. Dep't of Corr.*, No. 6:12–2066, 2013 WL 4522788 at *5 (D.S.C. Aug. 26, 2013) (citing cases); *see also Mathews .v Raemisch*, 513 Fed. App'x 605, 608 (7th Cir. 2013) ("Eighth Amendment violations occur in . . . strip searches, only if officers conduct themselves without justification in a harassing manner ***intended*** to humiliate and cause psychological pain.") (emphasis added).

In his objections, Plaintiff states that the search was "not done for security and safety." (Dkt. No. 121 at 5). However, Plaintiff has provided not evidence to support this conclusory assertion. Therefore, summary judgment is appropriate.

### 5. Due Process Claim

The Magistrate Judge found that Plaintiff's due process claim fails because he has not shown that he was deprived of life, liberty or property by governmental action. (Dkt. No. 115 at 8-9). Plaintiff objects that he was denied the liberty to leave his cell for outside recreation, showers, etc., because he refused to submit to these searches. (Dkt. No. 121 at 5). As an initial matter, such a claim was never raised in the Complaint; in his Complaint, Plaintiff only brought

6

claims concerning times when he did, in fact, submit to such strip searches. (*See* Dkt. No. 1). Regardless, a change in condition of confinement will implicate a liberty interest only where it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). As the Supreme Court precedent cited above shows, strip searches are not atypical in prison and do not impose a significant hardship in relation to the ordinary incidents of prison life. Therefore, no liberty interest is implicated, and Plaintiff's due process claim fails.

### 6. Qualified Immunity

The Court also agrees with the Magistrate Judge that even if Plaintiff's allegations made out a constitutional violation, any right to be free from such searches under the conditions presented here was not clearly established at the time of the incident. Thus, Defendants are entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

### 7. State Law Claims

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3) and dismisses these claims without prejudice.

## B. Plaintiff's Motions

Because the Court dismisses this case in its entirety, all other pending motions are denied as moot.[4] The Court also agrees that Plaintiff failed show that he was likely to succeed on the merits of his claims and, therefore, was not entitled to a preliminary injunction. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

---

[4] Because the Court denies Plaintiff's Motion for Relief as moot, it declines to determine whether the relief requested is properly before the Court and declines to adopt Section IV of the R & R.

7

## IV. Conclusion

The Court declines to adopt Section IV and Section V.A. of the R & R. The Court **ADOPTS** all other sections of the R & R (Sections I, II, III, V.B., V.C., V.D., and VI). Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 63) as to Plaintiff's federal claims and dismisses these claims with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses these claims without prejudice. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

August 29, 2014
Charleston, South Carolina